This case presents two separate jurisdictional questions. The first would be the applicability and the validity of the so-called departure bar. And then the second jurisdictional question is whether or not a motion to reopen based on a validly vacated conviction exists completely apart from statute. Indeed, under People v. Whiteisburg, departure was statutorily prohibited, but this Court found that if the conviction was vacated, the undergirding rationale of the deportation was gone and jurisdiction existed. In this case, first I'll deal with the voluntary departure bar. I mean, the departure after an order bar. First, we simply said the only issue decided by the BIA, was it not? Well, they didn't write. They sort of made a they made reference to the idea that the conviction was vacated subsequent to the order, which, of course, is the whole point, right? If it had been vacated prior, we wouldn't have a motion to reopen. I don't know, but the ground for the decision was basically they didn't have jurisdiction to consider it. There was, I mean, they had two paragraphs where they sort of referenced it. And, again, I mean, our argument was sort of simple, that the Linn case said very simply that the language of 8 CFR 1003, they engaged in sort of a temporal plain language and said it only applies to existing removal proceedings. That's exactly what happened here is what happened in Linn. And it was done. Well, I'm not sure I agree with Linn, but that being said, I'm bound by Linn. And I think that it was also pointed out that other circuits are coming out. The Tenth Circuit's recently overturned its precedent and agreed with it. The Ninth Circuit has sort of been out there, but everyone's agreed with the Ninth Circuit that there, it's, the departure bar, there isn't a departure bar in this. So if that's where we end up, you still have to deal with the, whether it was a timely motion to reopen when it was 15 years later. But what would be wrong with saying that Linn applies, because it is the Ninth Circuit, and then remanding it for all of those other issues? Because it's not, it's not that you don't have other problems, and I don't know what they would do with the other problems, because obviously, the trying to, it looks pretty clearly the quorum nobis was just to, for immigration purposes, and it may very well, this story may have the same ending at the end of the day, but I don't know that. And we don't, we don't do those type of things. Sure. I mean, I think that would be the proper course here. I mean, I think there's really no question that the tide has turned. I mean, Linn was different because it dealt with it on a language, plain language. And all the other cases simply said it's an impermissible construction of the statute. We're having this happy moment of agreement. Right. Tell me why the government is wrong in making its Brand X argument. Simply because, again, I would, the case we quoted was Mercado, that the, obviously, the Linn case and the other cases, you know, rejected Chevron because they had an unpublished BIA case. So I think the proper course of action would be to send it back, because, as Your Honor pointed out, there are other issues. Clearly, the time of the case. It doesn't seem that Linn did, it doesn't seem that those cases did give any deference to what the BIA said. They give none at all. But that being said, the argument can be made that we, because it is our precedent, we would have to go on bonk to decide that that, they were wrong. I would urge this Court to simply follow that long line of cases, both here at the Linn circuit and all the other circuits. And then I do think it would be appropriate to send it back to the Board, because the BIA did not issue, I mean, did not even really address timeliness and, of course, the nature of the underlying writ. Why don't we save the rest of your time? Let's see what the government agrees with that. Maybe, maybe if the government agrees, we can move on. It's all yours. Wiggers, and I represent the Respondent in this matter. And as far as the questions pertaining to the applicability of the Linn case, the Board is empowered to revisit a decision where the Court, there is contrary circuit precedent that's based on an ambiguity, normally in the statute, here we're talking about the regulation. And issue a precedential decision that interprets that ambiguity, which is then entitled to deference under Brand X. We have that here with matter of arm and arrow. Scalia, I don't understand. When this departure regulation was adopted, it wasn't adopted pursuant to fill any gap in any, in the statute, was it? Not exactly, Your Honor, because this is a little bit different from most of those gap-filling situations. That's right. It was, it was just, the Attorney General apparently had some rule-making authority, and he made up this rule, but it wasn't, he wasn't construing any stat, when the rule was adopted, it wasn't in effect filling in any gap in any statute. So I don't see how, how Brand X applies here. And then you have, subsequently, you have ARERA, which is, which is a statute. And then the, even though Congress codifies most of the attorney's regs, it doesn't codify this departure reg. And, and then most of the, every appellate court that's addressed it from that angle has said that this reg is totally inconsistent with the statute, which is, which is what Chevron says provides a basis for not giving any deference to it. The problem with the statutory point, Your Honor, is 1229A.C.7a, the statutory provision in question, which discusses motions to reopen, says that an alien may file one motion to reopen proceedings under this section, this section being 1229A. Petitioner was not in 1229A proceedings, so he has no statutory right to file a motion to reopen his underlying immigration proceedings. There is no conflict in this case on that point. It seems to me you're arguing why we should go on bonk. And, you know, I'm telling you, if, you know, I don't really want to go to judge's jail, and we have to follow our own precedent. So it seems to me you're arguing all the reasons that Lynn was wrongly decided. And that just doesn't help, that doesn't help me out here. I'm arguing, Your Honor, that Lynn has been overcome by events by matter of Armendariz Mendez, which is entitled to Chevron deference. And while we're dealing with the Board's interpretations of its own regulations, essentially separate from the statute, because there was no statutory provision on point at the time of Petitioner's original proceedings, the Board's construction of its regulations is controlling unless it's inconsistent with the regulations or basically clearly wrong. This is to say to me that it wasn't consistent with the regulations. I read it as being inconsistent. You know, you had the Attorney General never bothered to change it. I mean, it seems to me that it is inconsistent. I don't even see any ambiguity in that reg that would apply it to him. Your Honor, if I could get back to your earlier point about no gap filling. Basically, it's not so much that there wasn't a little gap, there was a huge gap. Congress did not speak to the adjudicatory authority of the Board or the immigration judges. That was left to the Attorney General. The Attorney General did so. That gap was filled. So to the extent that there must be gap filling for Brand X deference, it comes to that angle. This was a question that Congress left alone as far as what the Attorney General could do with the structure of both the Board and the immigration judges, with one exception, NIIRA and 1229aa, where Congress said that immigration judges will adjudicate immigration proceedings. Everything else was left to the Attorney General to construct. So essentially, we have a cavernous gap in the statute, which the Attorney General filled through his regulatory process. I thought that it provided for a right to make a motion to reopen. That's 1229. Don't tell me the different statutes. I mean, they don't mean anything to me. Did Congress provide for a motion to reopen? And haven't every court of appeals that's decided the issue said that they had? Your Honor, the Congress did not. Is your argument simply that it's not retroactive? I'm just trying to understand your argument. It's two points, Your Honor. One, the statute specifically states it does not apply to Petitioners in this situation where the proceedings were pre-IIRA proceedings. The statute limits itself to what was created in IIRA. Does it say that? Yes, Your Honor. 1229a C7a says that an alien may file a motion to reopen proceedings under this section. Well, I don't see that that says what you say. Under this section is 1229a. Prior to IIRA, removal proceedings were under 1252b. They were totally separate. Congress could have said you can file a motion to reopen any immigration proceedings under any point of law. And it has used that phrasing in other parts of the INA. It did not do so here. So the right in 1229a to file a motion to reopen is limited to proceedings under 1229a. So your position, then, is that Amadeus Mendes overrules Lynn in the Lynn line of cases?  Under Brandax. Yes, Your Honor. So now that the agency has spoken, it's now a clean slate, and we have to go back as a matter of circuit law and decide whether Amadeus Mendes standing on its own is a reasonable interpretation of the statute. Yes, Your Honor. Is Reyes-Torres problematic for you? No, Your Honor, because, again, that deals with 1229a C7a, motions to reopen 1229a proceedings. Reyes-Torres and Coit both dealt with post-IIRA removals. And so that's what I said. Your argument essentially is, is that IRA, IRERA doesn't apply to him because he was removed before IRERA took effect. Yes, Your Honor. So it's a retroactivity argument. It's the specific language of the statute. There's also a retroactivity point, too, Your Honor, because certain portions of the statute. It's the specific language of the statute argument, but I do understand what you just said, which is that you're saying that it's not applicable to him because he was he was deported prior to the effective date of IRERA, and therefore, he can't take advantage of whatever rights IRERA gives him. Is that your argument? Yes, Your Honor.  I understand it. I just want to go back. I can't follow your, you know, throwing out numbers and letters at me. I apologize, Your Honor. Okay. Why don't we give Petitioner a chance to respond to this. Yes, Your Honor. Very briefly, Your Honors. When counsel refers to these proceedings, they're talking about the new statutory provision that allows motions to reopen. The fact that he was deported in the past is irrelevant. He's filing under this particular new statutory scheme. And I would point out, the government quoted a case on page 13 of their proceeding of their brief, Reynoso-Cisneros, which was an exclusion case which, by necessary implication, occurred prior to IRERA. IRERA abolished the distinction between deportation and exclusion. So the Reynoso case, they had no quarrel with the fact that it would be ordered. Do you think Reyes-Torres is problematic for the government in the argument? I might use the word dispositive for me. I mean, I think it, it, the – Because you have Lynn. Right. If Lynn, then you have the Coit Martinez where it was that business of he left while it was allegedly pending. And then Reyes-Torres says that distinction is utterly immaterial. And so I do think the proper course for this Court is to send it back to deal with the other elephants in the room, i.e., the untimeliness and whether or not – I think it was a valid writ since I authored it, but – Did they make a brand X argument in – did we reject the brand X argument in Reyes-Torres? Yes, absolutely. And that's exactly what this Court did. I think, you know, this Court has held that it is not entitled to Chevron deference, and that's why those cases stand for the proposition that they do. And so I think in terms of the jurisdiction – So we would have to go, from your perspective, we would have to go en banc or we would have to follow Lynn and the cases that followed thereafter and remand it on an open remand for the – for a determination of the timeliness and whether this new conviction, whether that does them any good. Sure. Because the Board only ruled on the jurisdictional question, those other questions were left unanswered. So, sure, I think that would be the proper course. And I would submit the matter. Okay. Thank you. The case is highly well-sensitive. We're adjourned.
judges: Korman, Kozinski, Callahan